## NESCA v DAYTON (city)

Ohio Appeals, 2nd Dist, Montgomery Co

No 1151. Decided Jan 25, 1933

A. W. Schulman, Dayton, for plaintiff in error.

Franklin G. Krehbiel, Dayton, for defendant in error.

HORNBECK, J.

The reasons assigned by counsel for plaintiff in error, wherein it is claimed that the judgment should be set aside are: 1—Error in finding plaintiff in error guilty, i.e., that the finding and judgment are manifestly against and contrary to the weight of the evidence. 2—Failure to prove that the liquor seized contained more than one-half of one per cent of alcohol by volume. 3—Failure to prove that the liquor seized was fit for beverage purposes. 4—That the mere possession of the intoxicating liquor without evidence of illegal traffic is not an offense under the law.

Taking these questions in reverse order, we consider number 4, and are content merely to say that we are not in accord with the decisions from Cuyahoga County, **Florea v Cleveland, 34 OLR, 484,** and **Petway v City of Cleveland, 40 Ohio, page 278,** to the effect that it is necessary that it appear that a defendant charged with illegal possession must first be shown to have been trafficking in intoxicating liquor. We have consistently, as have most of the courts of the state, held that illegal possession may be shown independent of proof of traffic.

Number 3; Failure to prove that the liquor seized was fit for beverage purposes. We think that it is within common knowledge that beer, "home brew" comes within the general classification "fit for beverage purposes." It is made an offense to illegally possess "beer" by the statute.

Number 2; The fact that the state did not establish that the liquor taken contained more than one-half of one per cent of alcohol by volume. We are satisfied that the record offers sufficient testimony from which inference could be clearly drawn that, at the time the liquor was seized, it contained more than one-half of one per cent of alcohol per volume. It is testified that it was home brew, that the bottles were tightly capped. It was made on Saturday morning and analyzed the Monday following. It is not at all reasonable that, under the conditions appearing, the liquid had changed its character to such an extent that it was non-intoxicating at the time that it was seized. From one-half of one per cent alcoholic content to five and five-tenths per cent in securely sealed bottles is too wide a range of fermentation over the period of time which elapsed in the instant case.

It may be observed that §6212-14 GC makes it an offense to possess certain in-

toxicating liquors, naming them, among which is beer. As to other liquids, there must be an express showing that it contains the requisite amount of alcoholic content.

The first question urged and the most serious is whether or not the court erred in permitting a presumption only of possession against plaintiff in error to overcome the express testimony of his daughter that she made and possessed the liquor.

This must be determined upon that which is contained in this record and in nothing more. It may be that Mike Nesca is a "bad man" from the standpoint of liquor offenses; that he conducts a notorious bootlegging "joint"; that he had theretofore been convicted of selling liquor; that his reputation for truth and veracity is bad. But no one of these conclusions can be drawn from this record. He did not take the stand. He had formerly plead guilty and had withdrawn this plea. This may as well be reconciled upon the theory of innocence as otherwise. This was not a charge of a second or subsequent offense. The only thing he could have been convicted of would have been a first offense and the limits of the fine and sentence would have been as defined for a first offense. The daughter, in taking the stand and admitting the illegal possession, practically entered a plea of guilty. This testimony could be used against her in a subsequent action. If she then took the stand and denied that which she had admitted in this case she could be charged with perjury, thus subjecting herself to punishment for a much more flagrant offense than that of possessing intoxicating liquor. Then, as the record stands, you have an individual who takes the stand and admits that she is guilty of the offense which is charged against the plaintiff in error. The offense is identical. The state would seem better assured of securing its fine if assessed against the daughter than if assessed against the father, because she owns real estate.

Upon a thorough consideration of all the evidence, we are constrained to say that without conjecture or knowledge, independent of this record, the finding and judgment of the trial court was manifestly against the weight of the evidence. For that reason alone the judgment of the Common Pleas Court is reversed with instructions to remand this case to the trial court for a new trial or dismissal, as the trial court sees fit.

ALLREAD, PJ, and KUNKLE, J, concur.